Filed 7/15/21  P. v. Mooney CA2/3

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | B309443 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. YA006449) |
| v. | |
| CHARLES JAMES MOONEY, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Laura C. Ellison, Judge.  Reversed and remanded with directions.

Richard B. Lennon and Larry Pizarro, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Idan Ivri and Thomas C. Hsieh, Deputy Attorneys General, for Plaintiff and Respondent.

————————————

Charles James Mooney petitioned the trial court seeking resentencing under Penal Code[1] section 1170.95, alleging that he was not the actual shooter, that his murder conviction was based on the felony-murder rule or murder under the natural and probable consequence doctrine, and that because of changes in the definition of murder promulgated by Senate Bill No. 1437, he could not now be convicted of first or second degree murder. The trial court summarily denied the petition, finding that Mooney would have been convicted of murder under the current law because he was a major participant in the robbery who acted with reckless indifference to human life during that offense. The People concur that the trial court erred, and the case should be remanded for the trial court to issue an order to show cause and to conduct an evidentiary hearing on Mooney's petition. We agree.

**BACKGROUND**

The following facts are taken from Mooney's and codefendant Kevin Christopher Waters's direct appeal. (*People v. Waters* (Dec. 20, 1994, B062837) [nonpub. opn.].)

This case involves an attempted armed robbery at a movie theater that resulted in the shooting death of an usher. On the evening of January 12, 1991, Mooney, Waters, and an unidentified person went to a 10:00 p.m. film at a movie theater in Torrance. Mooney and Waters were armed, carried walkie talkies, and had masks. Before the movie ended, the three men left the theater and walked towards the lobby.

---

[1] All further statutory references are to the Penal Code.

Two theater employees were in the projection room preparing to close the theater. One employee opened the door to leave. Mooney and Waters were standing outside. One of the two men pointed a gun at the employee's head, asked for the manager, ordered the two employees to lie on the floor, taped their mouths, and bound their hands and feet. The two returned a few minutes later, kicked one of the employees in the head, and left. The employees freed themselves and attempted to telephone for assistance, but the line was dead.

Mooney and Waters confronted a painter as he was getting supplies from the storeroom. Mooney pointed a gun at his head and asked, "Where is the money?" When the painter explained who he was, Mooney and Waters took him to an office and forced him to lie face down on the floor. A few minutes later, two fellow painters were brought into the office and, at gunpoint, ordered to lie on the ground. The three painters were then told to stay where they were and not to open the door or they would be killed.

Mooney and Waters left the office. A few minutes later, one of the painters heard a gun fire. Daniel Hernandez, an usher at the theater, staggered into the office. He had been shot in the face.

Mooney and Waters were charged with murder (§ 187, subd. (a); count 1), robbery (§ 211; count 2), and three counts of assault with a firearm (§ 245, subd. (a)(2); counts 3, 4, and 5). The information against them also alleged, as to counts 1 and 2, that a principal was armed with a firearm (§ 12022, subd. (a)(1)), and as to all the counts, that Waters and Mooney personally used a firearm (§ 12022.5).

3

A jury convicted Mooney of first degree murder with a principal-armed finding. (§§ 187, subd. (a); 12022, subd. (a)(1).) The jury found the allegation that Mooney personally used a firearm in committing the murder to be not true. The jury also convicted Mooney of robbery and four counts of assault. The jury found true the personal firearm use allegations as to the robbery and two of the assault counts. The trial court sentenced Mooney to a state prison term of 25 years to life plus 16 years and four months.

In December 2019, Mooney petitioned the trial court for resentencing under section 1170.95. The petition alleged that Mooney was not the actual shooter, that his murder conviction was based on the felony-murder rule or murder under the natural and probable consequence doctrine, and that because of changes in the definition of murder promulgated by Senate Bill No. 1437, he could not be convicted of first or second degree murder. The trial court appointed counsel to represent Mooney. The People opposed the petition, arguing that Mooney was ineligible for resentencing relief because he was a major participant who acted with reckless indifference to human life.

The trial court summarily denied the petition, finding that Mooney would have been convicted of murder under the current law because he was a major participant in the robbery who acted with reckless indifference to human life during that offense.

Mooney appealed.

## DISCUSSION

Mooney argues we should reverse the trial court's order and remand the case for the trial court to issue an order to show cause and hold an evidentiary hearing to properly litigate his eligibility for resentencing pursuant to 1170.95. The People

concede the issue, and we agree the matter should be reversed and remanded.

Under Senate Bill No. 1437, malice may no longer be imputed to a person based solely on the person's participation in the crime; now, the person must have acted with malice aforethought to be convicted of murder.  (§ 188; *People v. Munoz* (2019) 39 Cal.App.5th 738, 749, review granted Nov. 26, 2019, S258234.)  To that end, the natural and probable consequences doctrine no longer applies to murder.  Also, a participant in enumerated crimes is liable under the felony-murder doctrine only if the participant was the actual killer; or with the intent to kill, aided and abetted the actual killer in commission of first degree murder; or was a major participant in the underlying felony and acted with reckless indifference to human life.  (§ 189, subd. (e); see *Munoz*, at pp. 749–750.)

Senate Bill No. 1437 created a petitioning process by which defendants convicted of murder under a now invalid theory can be resentenced.  Newly added section 1170.95, subdivision (a) provides that petitioners must meet three conditions to be eligible for relief.  Those conditions are:  (1) the charging document "allowed the prosecution to proceed under a theory of felony murder or murder under the natural and probable consequences doctrine"; (2) "petitioner was convicted of first or second degree murder"; and (3) "petitioner could not be convicted of first or second degree murder because of changes to Section 188 or 189 made effective January 1, 2019."  (§ 1170.95, subd. (a).)

Section 1170.95 further provides that the trial court "shall review the petition and determine if the petitioner has made a prima facie showing that the petitioner falls within the provisions of this section. . . .  If the petitioner makes a prima facie showing

5

that he or she is entitled to relief, the court shall issue an order to show cause."[2]  (§ 1170.95, subd. (c).)

The California Courts of Appeal disagree on what type of evidence the trial court may consider in determining whether a petitioner has made a prima facie showing he or she is entitled to relief.  In *People v. Drayton* (2020) 47 Cal.App.5th 965, 980, the Sixth Appellate District held that "when assessing the prima facie showing, the trial court should assume all facts stated in the section 1170.95 petition are true."  "The trial court should not evaluate the credibility of the petition's assertions, but it need not credit factual assertions that are untrue as a matter of law— for example, a petitioner's assertion that a particular conviction is eligible for relief where the crime is not listed in subdivision (a) of section 1170.95 as eligible for resentencing."  (*Ibid.*)  "If, accepting the facts asserted in the petition as true, the petitioner would be entitled to relief because he or she has met the requirements of section 1170.95, [subdivision] (a), then the trial court should issue an order to show cause."  (*Ibid.*)  In contrast, in *People v. Garcia* (2020) 57 Cal.App.5th 100, 116, our colleagues in Division Six held that the "trial court should not accept the petitioner's assertions as true and issue an order to show cause if substantial evidence in the record supports a murder conviction under current law."

---

[2] The question of whether section 1170.95 requires two prima facie showings or one is an issue currently under review by the California Supreme Court.  (See *People v. Lewis* (2020) 43 Cal.App.5th 1128, 1139–1140, review granted Mar. 18, 2020, S260598.)  Pending the Supreme Court's resolution of this issue, we need not decide this question to resolve the issue presented here.

Here, the parties agree that *Drayton* sets forth the
correct procedure.  Moreover, we have previously endorsed
the standard set forth in *Drayton.*  (*People v. Tarkington*
(2020) 49 Cal.App.5th 892, 898, review granted Aug. 12,
2020, S263219.)  Under that standard, Mooney made a prima
facie showing that he is entitled to relief, and the trial court
was required to issue an order to show cause and conduct an
evidentiary hearing.  His petition alleged that an
information was filed against him that permitted the
prosecution to proceed under either the felony-murder rule or
the natural and probable consequences doctrine, that he was
convicted of either first or second degree murder under one of
those theories, and that he could no longer be so convicted
under the changes to sections 188 and 189.  The record
shows that Mooney was charged with murder and could have
been convicted under the felony-murder rule or natural and
probable consequences doctrine.  The jury was instructed on
both theories, and the prosecution argued both theories to
the jury.[3]  Therefore, Mooney made a prima facie showing

---

[3] We note the jury was not specifically required to consider
the question of whether Mooney was a major participant and
acted with reckless disregard to human life because he was not
charged with special circumstance felony murder under section
190.2.  It was also not required to find Mooney was the actual
killer or acted with actual malice.  Before Senate Bill No. 1437,
section 189 permitted a conviction for felony murder by imputing
malice to those who commit a felony inherently dangerous to
human life, such as robbery, which results in homicide.  (*People v.
Chun* (2009) 45 Cal.4th 1172, 1184.)  As a result, the trial court's
observations about the evidence in the record in support of its
major participant or reckless indifference findings are insufficient

7

that he is entitled to relief, and an order to show cause should have issued.  Accordingly, the court's denial of the petition was premature.  The matter must be remanded for issuance of an order to show cause pursuant to section 1170.95, subdivision (c), and a hearing pursuant to subdivision (d).  We express no opinion on whether Mooney is ultimately entitled to relief.

## DISPOSITION

The order is reversed.  The case is remanded to the trial court with directions to issue an order to show cause and proceed in accordance with Penal Code section 1170.95, subdivision (d).

NOT TO BE PUBLISHED.


KALRA, J.*


We concur:



EDMON, P. J.



LAVIN, J.

---

to show that Mooney is ineligible for section 1170.95 relief as a matter of law.

* Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.